Filed 12/11/20  P. v. Johnson CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E073775 |
| v. | (Super.Ct.No. RIF10001758) |
| LARRY JOHNSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Becky Dugan, Judge. Affirmed.

Jeffrey S. Kross, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Britton B. Lacy and Eric A. Swenson, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Larry Johnson appeals from an order of the Riverside County Superior Court denying his Health and Safety Code section 11361.8 (Proposition 64) petition for resentencing or dismissal of his felony conviction for in-prison possession of marijuana.[1] We will find that Proposition 64's legalization of possession of no more than 25.8 grams of marijuana by adults over the age of 21 does not affect a conviction of possession of marijuana while incarcerated.

**BACKGROUND**

In 2009, while defendant was serving a state prison sentence for a carjacking conviction, correctional officers found 0.05 grams of marijuana in his possession. He pled guilty to unlawful possession of marijuana while in a correctional center in violation of Penal Code section 4573.6 (count 1) and admitted four prior prison terms and two prior serious or violent felonies ("strikes").

The trial court recognized the felony possession conviction would be a third strike requiring a sentence of 25 years to life and found it would be unjust to impose that severe of a penalty for having such a small amount of marijuana in prison. Accordingly, it struck one of defendant's prior felony convictions for the purposes of three strikes sentencing and imposed the low term of two years. It doubled that term in accordance with the three strikes law provision that requires imposition of twice the term for a felony offense if the defendant has already been convicted of a prior serious or violent felony. (Pen. Code, § 667, subd.

---

[1] All statutory references are to the Health and Safety Code unless otherwise indicated.

(e)(1).) In addition, it sentenced defendant to one year for each of the four prison priors. The sentences were to run fully consecutive to any other existing prison term.

In 2016, California voters passed Proposition 64, which amended Division 10 of the Health and Safety Code. The changes included addition of section 11362.1, which makes it legal for a person 21 years of age or older to possess up to 28.5 grams of cannabis except in specifically identified circumstances. (Prop. 64, § 4.4, eff. Nov. 9, 2016; § 11362.1, subd. (a), amended to substitute "cannabis" for "marijuana" throughout the section (Stats. 2017, ch. 27, § 129, eff. June 27, 2017).) Proposition 64 also included authority for persons currently serving a sentence for a cannabis-related conviction that would not have been a crime had Proposition 64 been in effect at the time of the offense to petition for recall or dismissal of their sentence. (Prop. 64, § 8.7, eff. Nov. 9, 2016; § 11361.8, subd. (a).)

In 2019, defendant petitioned the trial court for resentencing or dismissal of his conviction for in-prison marijuana possession. The court summarily denied the petition on the grounds he was convicted of an offense that is not eligible for the requested relief. Defendant appealed.

## DISCUSSION

The issue presented is whether Proposition 64 removed the possession of marijuana from the reach of Penal Code section 4573.6, the statute under which defendant was convicted. Penal Code section 4573.6 provides in relevant part that knowing and unauthorized *possession* in a California state prison of a controlled substance prohibited by Division 10 (commencing with Section 11000) of the Health and Safety Code is a felony.

3

Although Proposition 64 amended Division 10 of the Health and Safety Code to permit adults to possess marijuana in a limited quantity, it made clear its intent not to amend, repeal, restrict, or preempt a number of laws, which are specified in subdivisions (a) through (i) of section 11362.45. Subdivision (d) of that section provides that laws "*pertaining to smoking* or *ingesting* cannabis or cannabis products on the grounds of, or within, any facility or institution under the jurisdiction of the Department of Corrections and Rehabilitation" are unaffected by Proposition 64. (§ 11362.45, subd. (d), italics added.)

In *People v. Perry*, the First District rejected the defendant's claim that because Health and Safety Code section 11362.45, subdivision (d), does not specify *possession* of cannabis within a facility or institution under the jurisdiction of the Department of Corrections and Rehabilitation, cannabis is no longer a substance whose possession is encompassed by Penal Code section 4573.6's reference to controlled substances prohibited by Division 10. (*People v. Perry* (2019) 32 Cal.App.5th 885, 890 (*Perry*).) In *People v. Raybon*, the Third District disagreed with *Perry* and found that in-prison cannabis "possession" was not specifically included in the exceptions specified by the voters and, therefore, possession of less than one ounce of cannabis in prison was decriminalized by the passage of Proposition 64. (*People v. Raybon* (2019) 36 Cal.App.5th 111, 113-119.) Review of *Raybon* is now pending before our Supreme Court. (*People v. Raybon*, review granted Aug. 21, 2019, S256978.)

Defendant urges us to follow *Raybon*, but we agree with *Perry* and find Proposition 64 did not affect Penal Code section 4573.6's prohibition on possession of cannabis in prison.

*Perry* focused on the language in subdivision (d) of section 11362.45, which states that section 11362.1 did not have any effect on laws "pertaining to" smoking or ingesting cannabis or cannabis products within any facility or institution under the jurisdiction of the Department of Corrections and Rehabilitation. Relying on the fact that "pertain" is variously defined by dictionaries as relating directly to, concerning, having connection with or relation to something, the *Perry* court concluded that the phrase "pertaining to" encompassed possession of cannabis, stating it would be "hard pressed to conclude that possession of cannabis is *unrelated* to smoking or ingesting the substance." (*Perry*, *supra*, 32 Cal.App.5th at p. 891.) We agree.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

MILLER
J.

SLOUGH
J.

5